IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ORTHOARKANSAS, P.A., formerly
known as Arkansas Specialty Care
Centers, P.A.                                                                       PLAINTIFF

v.                              No. 4:24-cv-695-DPM

EPISODE SOLUTIONS, LLC;  FUSION 5,
INC.; and OWENS & MINOR, INC.                                          DEFENDANTS

ORDER

1.   For more than a decade, the Centers for Medicare and Medicaid Services have sought to incentivize efficient healthcare by projecting the cost of individual patient care in some circumstances and offering Medicare-enrolled doctors a part of any unspent cost projection.  CMS calls its current program the Bundled Payments for Care Improvement Advanced Care Initiative.  OrthoArkansas, P.A. is a Medicare-enrolled physician group practice based in Pulaski County, Arkansas.  It participated in CMS's bundled payment program for a little over two years.  In that time, OrthoArkansas worked with Fusion 5, Inc., a Delaware corporation, which acted as a go-between to facilitate (among other things) payment from CMS to OrthoArkansas.

Here's the trouble, all according to OrthoArkansas, which the Court accepts as true at this early stage of the case. *Jones v. Douglas County Sheriff's Department*, 915 F.3d 498, 499 (8th Cir. 2019).  Tennessee-

based Episode Solutions, LLC, acquired Fusion 5 around the time it and OrthoArkansas concluded their business together. Episode Solutions didn't acquire Fusion 5's CMS-program-specific business but agreed to wind it down as Fusion 5's fiduciary. It took two years after the acquisition for CMS and Fusion 5 to sort out how much money in incentives OrthoArkansas earned under the bundled payment program. That was all in due course because the program contemplated a lengthy true-up and reconciliation period. But payment should have been made soon after the number was fixed. Despite some back-and-forth between Episode Solutions and OrthoArkansas about when and how the money could be released, OrthoArkansas still hasn't been paid. OrthoArkansas says Owens & Minor, Inc. (Fusion 5's Virginia-based parent company) is keeping the money in escrow. It alleges the final tally to be $908,061.

OrthoArkansas has demanded payment from each defendant and now sues to recover its money, alleging breach of contract, fraud, conversion, and unjust enrichment, plus asking the Court to declare the rights of the parties in relation to at least two contracts. Fusion 5 and Owens & Minor move to dismiss some of OrthoArkansas's claims and to dismiss Owens & Minor as a defendant. OrthoArkansas resists. Arkansas law applies.

    **2. Conversion.** Fusion 5 and Owens & Minor say that withholding payment on a debt is not conversion. They also contend a

failure to act can't be a tort under Arkansas law. They argue that these points of law require dismissal on OrthoArkansas's conversion claims. The Court disagrees. Even if Fusion 5 and Owens & Minor are right about the law, OrthoArkansas hasn't alleged a typical debtor-creditor relationship or some mere failure to act. Fusion 5 received money from CMS that was earmarked for OrthoArkansas. Fusion 5 transferred the money to Owens & Minor, presumably to segregate it from the funds or accounts that Episode Solutions acquired. Owens & Minor put the money in escrow. OrthoArkansas says Fusion 5 and Owens & Minor are keeping OrthoArkansas's money for themselves. Accepting all this as true, the money is readily identifiable, and both Fusion 5 and Owens & Minor have committed distinct acts of dominion inconsistent with OrthoArkansas's right to receive the $908,061. *Mays v. Viva La Vegan Grocery, Inc.*, 2024 Ark. App. 513, at 24, 700 S.W.3d 750, 770. The conversion claims go forward.

3. **Unjust Enrichment.** OrthoArkansas has alternative unjust enrichment claims against Fusion 5 and Owens & Minor. *Campbell v. Asbury Automotive, Inc.*, 2011 Ark. 157, at 20-22, 381 S.W.3d 21, 36-37. Fusion 5 hasn't moved to dismiss OrthoArkansas's contract claim. The parties agree about the general rule: With important exceptions, "[t]here can be no 'unjust enrichment' in contract cases." *Lowell Perkins Agency, Inc. v. Jacobs*, 250 Ark. 952, 958, 469 S.W.2d 89, 92 (1971). They disagree about whether any exception applies in the circumstances.

The contractual relationships here are complicated. Fusion 5 is bound to follow CMS's procedures in winding down its CMS-program-specific business. *Doc. 4-1 at 71.* Fusion 5 says it can't pay OrthoArkansas until CMS says so. *Doc. 4-5.* OrthoArkansas pleads that Fusion 5 need only ask CMS for permission to distribute the money and everything could be solved. *Doc. 4 at 10.* It says Fusion 5 has not asked.

The parties appear to disagree about how to interpret CMS's contract with Fusion 5. Who must act first? CMS or Fusion 5? OrthoArkansas says Fusion 5. Considering its alleged inaction, Fusion 5 apparently believes otherwise. Fusion 5 and Owens & Minor do not explain how that kind of disagreement can be resolved by OrthoArkansas's leaning on its contract with Fusion 5.

Unjust enrichment is a sometimes-available alternative to breach. The mere existence of the Fusion 5/OrthoArkansas contract "does not automatically foreclose a claim for unjust enrichment." *Campbell*, 2011 Ark. 157, at 20-22, 381 S.W.3d at 36-37; *see also QHG of Springdale, Inc. v. Archer*, 2009 Ark. App. 692, at 10–11, 373 S.W.3d 318, 324–25; *United States v. Applied Pharmacy Consultants, Inc.*, 182 F.3d 603, 607 (8th Cir. 1999) (Richard S. Arnold, J.). Because that is the only reason advanced for dismissal, the unjust enrichment claims will proceed.

4. **Declaratory Judgment.** Fusion 5 argues that a declaration of the parties' rights in relation to the contracts at issue here cannot be useful where OrthoArkansas simultaneously pursues a claim for

breach. At this stage, the Court cannot say with certainty whether a declaration would be of use in this case. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). OrthoArkansas's claim for declaratory judgment will therefore stay in for now.

5.   Owens & Minor moves to be dismissed from the case. OrthoArkansas's allegations against Owens & Minor aren't as thin as the company suggests. And the Court must make all reasonable inferences in OrthoArkansas's favor, *Jones*, 915 F.3d at 499, not Owens & Minor's. For the reasons already stated, Owens & Minor will remain in the case.

\*   \*   \*

Fusion 5's and Owens & Minor's motion, *Doc. 15*, is denied.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

18 February 2025